| | |
|---|---|
| CARY W. BEALS; PAUL R. FITZ; NICHOLE L. SPANGLER; SOPHIA WILLHORT; SARAH STILES; ADRIENNE HARRIS, and TERA A. FIELDS, )<br><br>*Plaintiffs*,<br>v.<br><br>ROXANNE BLACKWELL; CRAIG FROST; BRADLEY COUNTY, TENNESSEE; MCMINN COUNTY, TENNESSEE; and THE CITY OF ATHENS, TENNESSEE,<br><br>*Defendants*. | No. 1:04-cv-165<br>*Edgar* |

## **MEMORANDUM**

Plaintiffs bring this action under 42 U.S.C. § 1983 alleging that the defendants violated their rights protected under the First and Fourth Amendments to the United States Constitution. The Court previously dismissed without prejudice the plaintiffs' amended complaint against defendants Bradley County, McMinn County and the City of Athens pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Court Doc Nos. 28, 29, 30, 31, 34, 35].

The only defendants remaining in this case are Roxanne Blackwell ("Blackwell") and Craig Frost ("Frost"). On August 19, 2005, Blackwell and Frost filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. [Court Doc. No. 38]. Plaintiffs have not timely filed a response and the Court deems the plaintiffs to have waived opposition to the motion under ED.TN. LR 7.2.

The lack of response by the plaintiffs is not unexpected. On September 19, 2005, the Court granted a motion by attorney John E. Eberly to withdraw as counsel of record for the plaintiffs.

[Court Doc. No. 48]. Mr. Eberly advised the Court that he had not heard from any of the plaintiffs since the time the complaint was filed, and the plaintiffs have not fulfilled their financial obligations to Mr. Eberly. Without the plaintiffs' cooperation, attorney Eberly is unable to properly represent their interests in this case.

Plaintiffs were ordered [Court Doc. No. 48] to notify the Court in writing no later than October 7, 2005, regarding the identity of their new attorney, or whether the plaintiffs intend to represent themselves without counsel and proceed *pro se*. The Clerk of Court mailed copies of the September 19, 2005 order to each of the plaintiffs at their last known addresses. Plaintiffs have not timely complied with the order. Based on the plaintiffs' conduct, it appears from the record that the plaintiffs at this juncture do not intend to diligently prosecute this action.

The Court cannot automatically grant the summary judgment motion simply because the plaintiffs have not bothered to timely respond. At a minimum, the Court is required to examine the record to determine whether defendants Blackwell and Frost have met their initial burden of demonstrating the absence of a genuine issue of material fact and that they are entitled to summary judgment as a matter of law. *Stough v. Maryville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the facts contained in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907

(6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907. While the Court draws all reasonable factual inferences in the light most favorable to the plaintiffs, the Court may grant summary judgment to the defendants if the record taken as a whole could not lead an objective, rational jury to find for the plaintiffs. *Matushita*, 475 U.S. at 587; *McKinnie v. Roadway Express*, Inc., 341 F.3d 554, 557 (6th Cir. 2003).

After reviewing the record, the Court concludes that the motion by defendants Blackwell and Frost for summary judgment [Court Doc. No. 38] is well taken and it will be **GRANTED** pursuant to Fed. R. Civ. P. 56. Defendants Blackwell and Frost have met their burden of showing that there are no genuine issues of material fact in dispute and that they are entitled to summary judgment as a matter of law.

In support of the summary judgment motion, the defendants submit the sworn affidavits of Blackwell and Frost. [Court Doc. Nos. 40, 41]. The affidavits of Blackwell and Frost have not been rebutted. Plaintiffs have not submitted any proof under Rule 56 by way of sworn affidavits or

-3-

Case 1:04-cv-00165  Document 49  Filed 10/26/05  Page 3 of 4  PageID #: 77

depositions to support the bare allegations in the amended complaint. The amended complaint is not signed by any of the plaintiffs under oath or penalty of perjury pursuant to 28 U.S.C. § 1746. Consequently, the Court cannot accept and rely on the bare allegations in the amended complaint as constituting proof under Rule 56 for the purpose of deciding the summary judgment motion. In the absence of any proof from the plaintiffs, the Court accepts the affidavits of Blackwell and Frost as being true and correct.

For the reasons expressed by defendants Blackwell and Frost in their memorandum of law [Court Doc. No. 39], the plaintiffs' amended complaint against Blackwell and Frost, both in their official and individual capacities, will be **DISMISSED WITH PREJUDICE** under Rule 56. There is no proof that Blackwell and Frost are liable under 42 U.S.C. § 1983 for violating any of the plaintiffs' federal constitutional rights. Blackwell and Frost did not personally engage or participate in any of the conduct that the plaintiffs allege to be a deprivation of their constitutional rights. Moreover, Blackwell and Frost did not supervise, or have supervisory authority over, any of the law enforcement officers who are accused of violating the plaintiffs' federal constitutional rights.

A separate judgment will enter.

                                          */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE